

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 10-000134 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLIE PRESLEY | MAG. JUDGE KAREN L. HAYES |

### RULING ON *BATSON* CHALLENGE

The Government has raised a so-called reverse *Batson* challenge, alleging that Defendant struck potential jurors on the impermissible basis of gender.

In a reverse challenge, the Court employs a three-step process to adjudicate a claim that a peremptory challenge was based on gender:

First, the Government must make a prima facie showing that a peremptory challenge has been exercised on the basis of gender. Second, if that showing has been made, Defendant must offer a gender-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the Court must determine whether the Government has shown purposeful discrimination. *See Miller-El v. Cockrell*, 537 U.S. 322, 328-329 (2003).

The Court determined that the Government made out a prima facie case of discriminatory jury selection based on the totality of the relevant facts, particularly the statistical proportion of the women struck by Defendant.

Defendant has also presented the Court with reasons that were not inherently discriminatory and thus met his burden at the second step of the process.

The Court must now determine at the third step whether Defendant's proffered reasons were pretext for gender discrimination. In making this determination, the Court considers whether a stated reason "does not hold up" in light of the relevant facts and circumstances. *Miller-El v. Dretke*, 545 U.S. at 252. Implausible justifications may be pretexts for purposeful discrimination. If a peremptory strike is shown to have been motivated in substantial part by discriminatory intent, then it cannot be sustained. *Snyder v. La.*, 128 S. Ct. 1203, 1212 (2008).

With regard to jurors Christerfer Weed, number 2, and Nancy Inabnett, number 31, the Court considered Defendant's striking of these jurors as to whether there was a pattern of striking women sufficient to establish a prima facie case of discrimination. However, once the prima facie showing was met, the Government has conceded by use of its own strikes on these two potential jurors that there were

legitimate, non-discriminatory reasons for them to be struck from the panel. The Court will not consider these strikes further.

The Court now turns to the remaining jurors. With regard to Alisha Smith, number 10, Mr. Smith believed that Ms. Smith had indicated some religious belief that would make her a less favorable juror for Defendant. However, neither the Government nor the Court could recall any such statement. Further, the Court consulted its own notes and the questionnaire submitted by Ms. Smith, and there is no indication of any religious belief or involvement of any kind. Therefore, the Court finds that the reason proffered for striking Ms. Smith is implausible. Ms. Smith will be placed on the jury.

With regard to Brittany Unkle, number 12, Defendant's counsel explained that Ms. Unkle appeared to have a friendly relationship with another potential juror, Allen Bordelon, who was struck by the Court for cause or bias. Mr. Bordelon was involved in a trial last week in which Mr. Smith was opposing counsel, and he and Mr. Bordelon were so contentious that Mr. Bordelon indicated he could not be a fair juror in this case. Understandably, Defendant's counsel were concerned that Ms. Unkle and Mr. Bordelon were friendly, and Ms. Unkle might have some bias against Mr. Smith as well. Because counsel did not observe Mr. Bordelon and Ms. Unkle's interaction until after voir dire was completed,

further questioning of Ms. Unkle was not feasible. Defendant's strike of this potential juror stands.

With regard to Gwendolyn Horne, number 15, Defendant's counsel was concerned that a person with a forty-year marriage would not be favorable to their case. The Court finds this explanation implausible. There were other jurors, both men and women, with lengthy marriages who were not struck. Ms. Horne will be placed on the jury.

With regard to Marcia Futrell, number 20, Defendant contends that Ms. Futrell appeared strong-willed. The Court also had the opportunity to observe Ms. Futrell's demeanor and finds that the proffered reason is implausible. Ms. Futrell gave no indication of a strong-willed personality. She will be placed on the jury.

With regard to Lottie Rayborn, number 21, and Jennifer Croxton, number 27, Defendant stated that both women had connections to law enforcement. The Court accepts this reason as plausible, and the strikes stand.

With regard to Corlis Hicks, number 29, Defendant's counsel offered very little explanation other than to say that they hoped to get to a better alternate. The Court finds that this reason is prextual and implausible. Defendant's strike of Ms. Hicks is set aside.

Finally, with regard to Sheryl Downs, number 33, Defendant's counsel

struck Ms. Downs because of her sister's involvement with domestic violence. Given the nature of the case and the Court's recollection of Ms. Downs' testimony, this reason is plausible, and Defendant's strike stands.

MONROE, LOUISIANA, this 1st day of July, 2010.

                                                ROBERT G. JAMES
                                    UNITED STATES DISTRICT JUDGE